UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. PEGGY ABNER and LINDA KENDALL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:05-cv-106-DFH-WGH |
| JEWISH HOSPITAL HEALTH CARE SERVICES, INC., and SCOTT MEMORIAL HOSPITAL, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON RELATORS' MOTION REQUESTING RANDOM STATISTICAL SAMPLE OF OUTPATIENT LAB TESTS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Relators' Motion Requesting Random Statistical Sample of Outpatient Lab Tests filed May 1, 2009.  (Docket No. 219).  Defendant Scott Memorial Hospital filed a Response on May 15, 2009.  (Docket No. 234).  The Relators filed a Reply on May 28, 2009.  (Docket No. 243).

The Magistrate Judge, being duly advised, now **DENIES** the motion.

The Relators have brought this retaliation and qui tam action alleging that Defendant Scott Memorial Hospital has improperly billed Medicare and Medicaid for blood tests that were improperly performed.  In a series of prior discovery orders, the court has grappled with how discovery should be conducted in this case where, over the period of time relevant to the Complaint, there were many thousands of such tests performed.

Based on an order found at Docket No. 129, this court allowed Plaintiffs to have 90 days in which to prepare evidence regarding how an appropriate statistical sample might be selected from this data, and to state with specificity which items would be necessary to support their allegations in this case.

A hearing was held on January 15, 2009. (*See* Docket No. 159). Plaintiffs did not designate an expert regarding statistics or sampling. Based on the evidence at the hearing, the Magistrate Judge directed the hospital to produce certain documentation with respect to 10% of the tests which the hospital alleged had been performed during the relevant time period. From that data, Plaintiffs were permitted to hand select nearly 400 patient identification numbers for production of further data. On March 6, 2009, Plaintiffs received certain universal billing forms, Horizon data information, and all available laboratory machine printouts for each of the nearly 400 patients they selected.

From that selected sample, Plaintiffs then chose an additional 25 patient identification numbers and paid an appropriate fee in advance to retrieve more complete medical records with respect to those patient identification numbers. Since that time, Plaintiffs have not identified any additional patient information numbers for production at their costs, and have not tendered payment for any additional discovery.

Plaintiffs now request that this court order a "random sample of lab tests be conducted to determine an accurate number of tests which were performed out of time." Plaintiffs base this request on their own review of the 25 patient

files produced on April 17, 2009, but without support from any expert witness describing how further sampling should be conducted or how much further sampling is required.

The parties dispute precisely what is shown by the review of the 25 patient files completed to date. Plaintiffs allege that these files show that over 90% of the selections revealed collected specimens that were tested significantly longer (at least four times longer) than the recommended time frames. Defendants attach the Affidavit of Emma Coronel, M.D., which concludes that there are no violations of Medicare or Medicaid regulations in the manner in which the lab tests were performed by the hospital. At this stage, the Magistrate Judge is unable to discern which of these two positions is the better supported.

Plaintiffs have not at this time suggested with specificity how any additional random sampling should be conducted, and the Magistrate Judge is unable to fashion from his own knowledge any such reasonable, further sampling. Without further expert testimony from Plaintiffs that would illuminate the Magistrate Judge as to how additional sampling should be conducted, the court is unable to fashion on its own an appropriate schedule for further random sampling. The documents produced to date should be sufficient to allow Plaintiffs to establish whether genuine issues of material fact exist that require this case to proceed to trial. No further sampling has been shown to be necessary by Plaintiffs to date. The Magistrate Judge may reconsider this decision only upon a showing by an appropriate expert witness

that the sampling techniques produced to date are insufficient, and by the production of an expert's specific opinion as to how such further sampling is required.

It is likely that any such additional sampling must be paid for by Plaintiffs, if such sampling is to be required.

Therefore, the Relators' Motion Requesting Random Statistical Sample of Outpatient Lab Tests is **DENIED.**

**SO ORDERED.**

**Dated:** June 24, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Rebecca Kay Bethard
KIGHTLINGER & GRAY, LLP
rbethard@k-glaw.com

John L. Caudill
ATTORNEY AT LAW
john@caudilllawfirm.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

Janet S. Nolan
FULBRIGHT & JAWORSKI L.L.P.
jnolan@fulbright.com

Frederick Robinson
FULBRIGHT & JAWORSKI L.L.P.
frobinson@fulbright.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
shaq.shockley@usdoj.gov