UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PEGGY ABNER and LINDA KENDALL, </br></br>Plaintiffs, </br></br>v. </br></br>JEWISH HOSPITAL HEALTH CARE SERVICES, INC., and SCOTT MEMORIAL HOSPITAL, </br></br>Defendants. | 4:05-cv-106-DFH-WGH |

**ORDER DENYING MOTION FOR LEAVE TO
FILE AFFIDAVIT PURSUANT TO FRCP 56**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Motion for Leave to File Affidavit Pursuant to FRCP 56 filed by plaintiffs on July 21, 2009.  (Docket No. 273).  Defendant Scott Memorial Hospital's Response was filed on July 24, 2009.  (Docket No. 276).  No reply brief has been filed.

The Magistrate Judge, being duly advised, now **DENIES** the Motion for Leave to File Affidavit Pursuant to FRCP 56.

Plaintiffs' counsel's Affidavit is tendered to the court not as information relevant to a pending motion for summary judgment, but rather in support of a Motion for Default and Order to Show Cause (Docket No. 107) sought as a remedy for what plaintiffs believe is a series of improper discovery practices.

It is well established that the entry of a default judgment as a remedy for discovery abuse is an extreme sanction. In this complex *qui tam* action, the Magistrate Judge is unable to conclude that defendants' actions in responding to discovery have been intentionally undertaken to cause delay and additional expense in this litigation. Such a conclusion could ultimately be reached, but that conclusion will not be able to be reached until a full and complete understanding of the merits of the plaintiffs' claims have been discerned. The Magistrate Judge believes that sanctions for any improper conduct are best reserved for a point in time after the resolution of plaintiffs' claims on their merits. At that point in time, the ultimate fact finder will be able to determine whether there has been intentional misrepresentation of facts through the discovery process which warrant a sanction of some sort. Without a resolution of plaintiffs' claims on the merits, default is not an appropriate sanction at this time.

Therefore, because the Affidavit has no bearing upon the Motion for Summary Judgment filed under FED. R. CIV. P. 56, and because the Affidavit can have no bearing at this time on the issue of default, the Motion for Leave to File Affidavit Pursuant to FRCP 56 is **DENIED** at this time. Plaintiff's counsel is **GRANTED** leave to re-file such an affidavit, but only at such time after the matter has been resolved on the merits, and the issue of sanctions, if any, for improper discovery practices is before the court.

**SO ORDERED.**

**Dated:** September 3, 2009

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Rebecca Kay Bethard
KIGHTLINGER & GRAY, LLP
rbethard@k-glaw.com

John L. Caudill
ATTORNEY AT LAW
john@caudilllawfirm.com

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
shaq.shockley@usdoj.gov

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

Janet S. Nolan
FULBRIGHT & JAWORSKI L.L.P.
jnolan@fulbright.com

Frederick  Robinson
FULBRIGHT & JAWORSKI L.L.P.
frobinson@fulbright.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov