UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. PEGGY ABNER and LINDA KENDALL, Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | 4:05-cv-106-RLY-WGH |
| JEWISH HOSPITAL HEALTH CARE SERVICES, INC. and SCOTT MEMORIAL HOSPITAL, Defendants. | ) ) ) ) | |

**ENTRY ON PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 16, 2009, Magistrate Judge William G. Hussmann, Jr. issued a Report and Recommendation on Relators' Motion for Default and Order to Show Cause, recommending, *inter alia*, that Relators' request for default judgment against Scott Memorial Hospital ("Scott Memorial") be denied. This matter is now before the court on Relators' objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the court **OVERRULES** Relators' objection and **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

**I.     Background**

1.  This is a *qui tam* action brought by Relators for alleged fraudulent Medicare and Medicaid billing practices. During the course of discovery, Relators requested the production of Medicare and Medicaid billing records from Scott Memorial.

2. On July 7, 2008, Magistrate Judge Hussmann issued an Order, granting in part, Relators' motion to compel discovery from Scott Memorial. Specifically, the Order states in pertinent part that:

> With respect to the remaining issues of when the production of Medicare and Medicare [sic] billing records will be made and how they shall be redacted, the production of such records shall be made on or before July 18, 2008. No further extensions will be allowed except upon a showing of extraordinary good cause, and in such case, at least a partial production of the records must be made. The records may be redacted as to patient identifiers so long as a patient number which is consistent among all records is applied to all documents.

3. On July 18, 2008, Scott Memorial produced Medicaid and Medicare billing and payment documents, along with a second production of the blood bank logs on which the patient identification numbers had been added per the court's direction. On July 25, 2008, Scott Memorial produced additional documents, which had to be requested from the Medicaid/Medicare billing system.

4. On September 23, 2008, Relators filed their motion for default, arguing that Scott Memorial failed to comply with Magistrate Judge Hussmann's July 7, 2008 Order because it only produced the billing records for the thirty-three patients mentioned in the Amended Complaint. Relators also argue that the doctor's orders and blood bank records produced by Scott Memorial are unusable because they contain no identifying information as to the patient and do not allow consistent identification across all categories of documents.

5. A hearing on Relators' motion for default was held before Magistrate Judge

> Hussmann on January 15, 2009.

6. On January 27, 2009, Magistrate Judge Hussmann issued an Order taking Relators' motion for default under advisement. At that time, Magistrate Judge Hussmann also concluded that Scott Memorial's production of billing records was insufficient and ordered Scott Memorial to provide additional discovery. The additional discovery was limited to a statistical sample of ten percent of the patient numbers identified in Scott Memorial's Exhibit 3 for the period of September 1 through December 31, 2004.

7. On September 16, 2009, Magistrate Judge Hussmann issued the Report, which states in pertinent part:

> After an exhaustive review of the materials listed above, the Magistrate Judge is unable to determine that Relators have shown that the Defendants in this case have both failed to comply with a discovery order and done so willfully or in bad faith. *Allen v. Interstate Brands Corp.*, 186 F.R.D. 512, 514 (S.D. Ind. 1999) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997)). This case concerns technical billing requirements for the submission of various types of blood tests to Medicare and state medicare payors. While Scott Memorial Hospital's responses have been at times been incomplete, they have notified the Court in a reasonably prompt manner when new information has come to their attention. Relators have failed to demonstrate willful or bad faith failure to comply with discovery orders to date.

## II. Standard of Review

As the grant or denial of a motion for default judgment constitutes a dispositive matter, this court's review of the Report is governed by Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). Rule 72(b) provides:

3

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636(b)(1)(C) provides that, "[a] judge of the court shall made a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."

### III.   Discussion

Pursuant to Federal Rule of Civil Procedure 37(b), when a party fails to comply with a discovery order, the court may, under some circumstances, sanction the disobedient party by rendering a default judgment against it. Default is an extreme remedy and "should be entered only when absolutely necessary, such as where less drastic sanctions have proven unavailing." *United States v. Di Mucci*, 879 F.2d 1488, 1493 (7th Cir. 1989) (citations omitted). In order to enter default judgment, the court must find a showing of "willfulness, bad faith, or fault" on the part of the disobedient party.

In the instant case, the Magistrate Judge found that Relators have failed to demonstrate that Scott Memorial has both failed to comply with a discovery order and done so willfully or in bad faith. Relators' object to this finding, primarily arguing that Scott Memorial willfully failed to comply with the June 7, 2008 Order because it only produced documents for the thirty-three patients named in the Amended Complaint. The court has conducted a *de novo* review of the extensive record on this issue and agrees

with the Magistrate Judge's finding.  Scott Memorial did comply with at least partial production of the requested documents, as required by the June 7, 2008 Order, and provided additional documents when directed by Magistrate Judge Hussmann.  It appears to the court that there was a good faith dispute between Scott Memorial and Relators as to the scope of discovery, which is not a situation warranting default.

Relators also object to the Report on the grounds that the Magistrate Judge failed to address whether Defendants complied with discovery and failed to consider sanctions other than default.  The court does not agree with Relators' reading of the Report.  Magistrate Judge Hussmann clearly states that, in addition to failing to demonstrate bad faith, Relators failed to demonstrate that Defendants failed to comply with a discovery order.  In light of this finding, there was no cause for considering sanctions of any kind.  Finally, Relators object to the Report due to the Magistrate Judge's "failure to discuss or address any of Relators' allegations which formed the basis of what now have been multiple attempts to bring defendants [sic] conduct to the Court's attention."  The court is unclear as what Relators mean by this statement and Relators offer no explanation or supporting authority.  In any event, the court notes that Magistrate Judge Hussmann has conducted a lengthy hearing on Relators' motion for default, at which time he attempted to resolve many of the discovery concerns raised by Relators.

## IV.    Conclusion

For the foregoing reasons, Relators' Objection to the Magistrate Judge's Report and Recommendation (Docket # 288) is **OVERRULED**.  Accordingly, Magistrate Judge

Hussmann's Report and Recommendation on Motion for Default and Order to Show Cause (Docket # 287) is **ADOPTED** and Relators' Motion for Default and Order to Show Cause (Docket # 107) is **DENIED**.

**SO ORDERED** this 2nd day of March 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Rebecca Kay Bethard
KIGHTLINGER & GRAY, LLP
rbethard@k-glaw.com

John L. Caudill
ATTORNEY AT LAW
john@caudilllawfirm.com

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
shaq.shockley@usdoj.gov

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

Janet S. Nolan
FULBRIGHT & JAWORSKI L.L.P.
jnolan@fulbright.com

Frederick Robinson
FULBRIGHT & JAWORSKI L.L.P.
frobinson@fulbright.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov