UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. PEGGY ABNER and LINDA KENDALL, Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | 4:05-cv-106-RLY-WGH |
| JEWISH HOSPITAL HEALTH CARE SERVICES, INC. and SCOTT MEMORIAL HOSPITAL, Defendants. | ) ) ) ) ) | |

**ENTRY ON SCOTT MEMORIAL HOSPITAL'S MOTION TO STRIKE PLAINTIFFS' SURREPLY AND SECOND AFFIDAVIT OF PEGGY ABNER**

This matter is now before the court on Scott Memorial Hospital's ("Scott Memorial") motion to strike Relators' Surreply in Opposition to Scott Memorial's Motion for Summary Judgment (the "Surreply") and accompanying affidavit for failure to comply with Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure.  For the reasons set forth below, Scott Memorial's motion is **GRANTED**.

The court's Local Rule 56.1 governs the presentation of motions for summary judgment and opposition to such motions.  Pursuant to this rule, a non-moving party's ability to file a surreply is limited.  Specifically, the Local Rules Advisory Committee Notes to Rule 56.1(d) state that a surreply "is permitted only when: (1) the moving party submits in its reply brief evidence not previously cited; or (2) the moving party objects in its reply to the admissibility of evidence cited by the nonmovant."

1

Neither of the situations described above are present here. In responding to Defendants' motions for summary judgment, Relators alleged that Scott Memorial improperly altered the lab documents it produced during discovery. In their reply brief, Scott Memorial denied this allegation and asserted that Relators did not bring forth any evidence to support their accusation. Relators then attempted to bring forth evidence of document tampering with their Surreply and accompanying affidavit of Peggy Abner.

Pursuant to Federal Rule of Civil Procedure 56(e), the party opposing a motion for summary judgment must, by affidavit or other evidence, set out specific facts showing a genuine issue for trial. The party is not entitled to hold back evidence until the filing of a surreply. *Lloyd v. Rolls-Royce Corp.*, 2003 WL 23101791, at *3 (S.D. Ind. Aug. 26, 2003). Any evidence to support Relators' allegation of document tampering should have been submitted with their response brief, when the issue was first raised. Accordingly, Scott Memorial's Motion to Strike Plaintiffs' Surreply and Second Affidavit of Peggy Abner (Docket # 275) is **GRANTED**.

**SO ORDERED** this 3rd day of March 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Rebecca Kay Bethard
KIGHTLINGER & GRAY, LLP
rbethard@k-glaw.com

John L. Caudill
ATTORNEY AT LAW
john@caudilllawfirm.com

Erin Reilly Lewis
UNITED STATES ATTORNEY'S OFFICE
shaq.shockley@usdoj.gov

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com

Janet S. Nolan
FULBRIGHT & JAWORSKI L.L.P.
jnolan@fulbright.com

Frederick Robinson
FULBRIGHT & JAWORSKI L.L.P.
frobinson@fulbright.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov